**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JARVIS MATHIS, | ) | No. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | MAGISTRATE |
| | ) | |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS R. COLLINS, Star No. 4430, M. FERGUSON, Star No. 17252, and J. HELSTERNWOOD, Star No. 9770, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Jarvis Mathis ("Jarvis" or "Plaintiff"), by and through his attorneys, Christopher Smith Trial Group, LLC, and complaining of the Defendants City of Chicago ("City" or Defendant City"), R. Collins, Star No. 4430, M. Ferguson, Star No. 17252, and J. Helsternwood, Star No. 9770 ("Officers" or "Defendants"), states as follows:

## INTRODUCTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution and for tortious conduct which violates the laws of the state of Illinois. Herein, Plaintiff brings claims for federal and state malicious prosecution.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3. Plaintiff, Jarvis Mathis ("Jarvis" or "Plaintiff") is a citizen of the United States of America, who currently resides in Cook County, IL.

4. Defendants Officers R. Collins, Star No. 4430, M. Ferguson, Star No. 17252, and J. Helsternwood, Star No. 9770 ("Defendants" or "Officers"), were at the time of this occurrence duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their official and individual capacities.

5. Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of *respondeat superior* on the pendant State law claim.

## BACKGROUND

6. On the evening of December 31, 2021, Jarvis Mathis was standing on the sidewalk in the area of 226 W. 107th Place, Chicago, Illinois.

7. At least three other people were near Mr. Mathis.

8. Police vehicles pulled up to the area outside of 226 W. 107th Place.

9. These officers who arrived included Defendant Officers R. Collins, Star No. 4430, M. Ferguson, Star No. 17252, and J. Helsternwood, Star No. 9770.

10. The Defendant Officers arrived on the block after receiving a ShotSpotter notification that gun shots were detected in the area.

11. ShotSpotter is used as a tool to wrongfully stop, search, and detain civilians, primary in poor neighborhoods by Chicago Police Officers.

12. ShotSpotter provides guidance to municipalities and police departments that it

2

contracts with, warning them that ShotSpotter is not reliable on holidays like the Fourth of July and New Years Eve.

13. Immediately after getting out of their cars the Defendants and Unknown Chicago Police Officers started yelling at four men, including Jarvis who were walking in the area.

14. The Defendants and Unknown Chicago Police Officers surrounded the four men and physically detained them.

15. Officer Collins observed a gun on the ground; and asked the four detained men who threw the gun.

16. Jarvis Mathis did not have a gun or throw a gun.

17. Jarvis was not the closest civilian to the gun.

18. After no one told Officer Collins that they had thrown a gun, Officer Collins handcuffed Jarvis.

19. The other men were also handcuffed.

20. The police ran name checks on these individuals.

21. After Defendants Collins and Fergusen had a conversation Defendants arrested Jarvis Mathis for possession of the gun.

22. Defendant Collins admitted to Ferguson that he did not see Mr. Mathis throw a gun.

23. Defendant Collins never saw anyone throw a gun; it was on the ground when he first observed it.

24. Defendants Ferguson, Collins, and Helsternwood wrote a false police report claiming that Mr. Mathis was the only person near the weapon; and that body worn camera footage "observes arrestee throw the weapon to the ground."

25. Mr. Mathis did not throw the gun to the ground.

26. The body warn camera shows Javis Mathis without a gun in his possession when he was first approached by Defendant Collins.

27. Defendants had Jarvis Mathis charged with aggravated unlawful use of a weapon.

28. As a result of Defendants' unlawful actions, Mr. Mathis was held for days before his family could raise the money to release him on bond.

29. Defendant Collins was put on the State's Attorney do not call list.

30. Mr. Mathis waited for over two-and-a-half years before his case was *nolle prossed* on April 23, 2024.

31. Defendants Collins was part of a crew of Chicago police officers who were stripped of their police powers for conducting unlawful searches, seizures and falsifying police reports.

32. Defendant Collins' and the rest of the crew are under investigation for allegedly stealing drugs and money.

33. The crew used Shot Spotter as a tool to allow them to find targets for misconduct.

34. The CPD is currently being sued for intentionally misusing ShotSpotter alerts to make scores of illegal stops and arrests. CPD officers have stopped and detained thousands of innocent Chicagoans who happened to be near the location of an alert. CPD officers have used ShotSpotter's presence on the South and West sides of the City as justification for aggressive police tactics.

35. As a result of Defendants unconstitutional actions, Plaintiff suffered damages, including but not limited to pain and suffering, loss of freedom, and financial loss.

## COUNT I – 42 U.S.C. § 1983
### Malicious Prosecution

36. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

37. As more fully stated above, Defendants caused criminal proceedings against Mr. Mathis to be commenced with malice, for reasons other than bringing him to justice, and without having probable cause to commence a prosecution.

38. Plaintiff was deprived of liberty until he was able to bond out of custody.

39. The case was terminated in Plaintiff's favor by *nolle prosequi*.

40. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered injury, including but not limited to loss of freedom, emotional injury, physical injury, and economic damages.

## COUNT II – STATE LAW CLAIM
### Malicious Prosecution

41. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

42. As more fully stated above, Defendant Officers caused criminal proceedings against Plaintiff to be commenced with malice, without probable cause, and knowing that Plaintiff was not guilty of the crime for which she had been charged.

43. Plaintiff was acquitted of all charges in a manner indicative of Plaintiff's innocence which fully and finally terminated the case in Plaintiff's favor.

44. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damage, including but not limited to physical, emotional, and economic damages.

### Count III
### Indemnification – City of Chicago - 745 ILCS 10/9-102

45. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

46. At the time of the events described above, the Defendant Officers were employed by the City of Chicago.

47. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

### Count IV
### Respondeat Superior

48. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

49. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of Chicago.

50. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, including those allowable under federal law and for such other and additional relief as this court deems equitable and just.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                                              Respectfully submitted,

                                                              /s/ Christopher Smith
                                                              One of Plaintiff's Attorneys

Christopher R. Smith
Christopher Smith Trial Group, LLC
53 W. Jackson, Suite 856
Chicago, IL 60604
312.432.0400